`UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ALEXIS DWYER,

    Plaintiff,

    v.

CONTEMPORARY INFORMATION CORP.,

    Defendant.

Case No. 2:24-CV-00199-GSL-APR

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss. [DE 19]. For the following reasons, the Court GRANTS Defendant's motion.

    A.  **BACKGROUND**

In May 2024, Plaintiff applied for several apartments on Zillow. [DE 1, ¶ 1]. As part of the application process, Plaintiff was required to obtain a criminal background report, which she did from Defendant. [*Id.* ¶ 2]. The parties dispute whether Plaintiff was able to view the report before it was published to prospective landlords. [DE 27, ¶ 2]. On May 17, 2024, Plaintiff reached out to Defendant to dispute certain information on the report. [DE 1, ¶ 4]. The report referenced a criminal case, which encompassed several offenses with the label: "Disposition not provided by source." [*Id.* ¶¶ 4–5]. Instead, that case should have only encompassed a single offense with a guilty disposition. [*Id.*]. Defendant confirmed receipt of Plaintiff's dispute on May 20, 2024, and by May 28, 2024, Defendant updated the report to reflect the proper disposition for the criminal case. [DE 29, page 9].

On June 7, 2024, Plaintiff brought the instant case. [DE 1]. Plaintiff claims that Defendant violated the Fair Credit Reporting Act ("FCRA") because of the inaccuracies on the

initial criminal background report furnished by Defendant. [*Id.* ¶¶ 11–12]. Because of the inaccurate report, Plaintiff alleges that she was denied numerous housing opportunities. [*Id.* ¶ 9–10]. In addition to actual damages, Plaintiff argues that she is entitled to statutory and punitive damages because Defendant's conduct was willful. [*Id.* ¶ 17].

### B. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a pleading must contain sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "When examining a motion to dismiss, [a court] will accept as true all well-pleaded facts in the complaint and draw reasonable inferences in favor of the plaintiff." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022) (citation omitted). "But legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

When a defendant files a motion to dismiss after filing its answer, the Court may treat the motion as one for judgment on the pleadings pursuant to Rule 12(c). *Fairchild v. Ashley-Hudson Police Dep't*, No. 23-CV-467, 2025 WL 1158086, at *2 (N.D. Ind. Apr. 21, 2025) (citing *Schy v. Susquehanna Corp.*, 419 F.2d 1112, 1116 (7th Cir. 1970)). A converted Rule 12(c) motion is evaluated under the same standard as a Rule 12(b)(6) motion, and therefore "courts grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would

2

support his claim for relief.'" *Id.* at *3 (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)).

## C. DISCUSSION

### 1) Standing of Class Members

As a preliminary matter, the Court addresses Plaintiff's class allegations. [DE 1, ¶¶ 20–29]. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure. [*Id.* ¶ 20]. Plaintiff defines the class as:

> All natural persons residing in the United States on whom, from two year prior to the filing of this action and through the date of class certification, Defendant compiled and furnished a consumer background report[,] which contained adverse criminal case information that did not contain a disposition.

[*Id.* ¶ 21]. Defendant denies that this class may be certified and asserts that any claims on behalf of this "class" lack a factual and legal basis. [DE 27, ¶¶ 20–21].

Every member of the class must have Article III standing, and Plaintiff bears the burden to demonstrate this standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 426 (*Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)). That is, a statutory violation alone does not afford a plaintiff standing. *Id.* A plaintiff must have suffered a "physical, monetary, or cognizable intangible harm traditionally recognized as a basis for a lawsuit." *Id.* at 427. Without such an injury, a plaintiff is "not seeking to remedy any harm to herself but instead is merely seeking to ensure a defendant's 'compliance with regulatory law'. . . ." *Id.* (citing *Spokeo*, 578 U.S. at 345). That is not sufficient for Article III standing. *Id.*

Plaintiff alleges that "Defendant willfully and/or negligently violated the FCRA by including incomplete and misleading adverse criminal case information in consumer reports[.]" [DE 1, ¶ 25(a)]. Plaintiff also alleges that Defendant "violated the FCRA by failing to follow

3

reasonable procedures in preparing and selling consumer reports." [*Id.* ¶ 25(b)]. Assuming these contentions are true, the Complaint must still allege how members of the class suffered concrete harm from Defendant's alleged violations of the FCRA. *See Ramirez*, 594 U.S. at 431–32.

"Under longstanding American law, a person is injured when a defamatory statement that would subject him to hatred, contempt, or ridicule is published to a third party." *Ramirez*, 594 U.S. at 432 (citing *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 13 (1990); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974); and Restatement of Torts § 559 (1938)) (internal quotation marks omitted). Publication to a third party is an essential element. *Id.* at 434. Mere inaccuracies in a credit or background report cause no concrete harm. *Id.*

Plaintiff does not allege how members of its purported class were injured. The complaint defines the class, in short, as "persons . . . whom . . . Defendant compiled and furnished a consumer background report" that contained allegedly defamatory content. [DE 1, ¶ 21]. The natural reading of this statement suggests that the members of the class received the background reports directly from Defendant. Not that Defendant published the reports to third parties. Therefore, Plaintiff fails to allege that members of its purported class suffered a concrete injury. The class lacks standing.

### 2) Standing of Individual Plaintiff

Notwithstanding the lack of class standing, Plaintiff must demonstrate that she personally has standing for her individual claim by alleging a particularized and concrete injury. *Robins*, 578 U.S. at 341. Plaintiff's allegation of a violation of the FCRA is insufficient. *Id.* at 348 (Thomas, J., concurring) ("A plaintiff seeking to vindicate a public right embodied in a federal statute, however, must demonstrate that the violation of that public right has caused him a concrete, individual harm distinct from the general population."). The FCRA "does not create

4

liability without causation. To bring a successful claim, the consumer must also show that she suffered injury as a result of any inaccurate information. Without a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages.'" *Aldaco v. RentGrow, Inc.*, 921 F.3d 685, 689 (7th Cir. 2019) (internal citations omitted).

Plaintiff claims that she was denied "numerous housing opportunities through her Zillow applications, wasted hours of time, suffered monetary harm in the form of the wasted payments for her applications and suffered emotional distress . . . because of Defendant's conduct." [DE 1, ¶ 19]. Potential landlords allegedly denied her Zillow applications because of mistakes on her background report. *See* [*Id.* ¶¶ 2, 9, 15, 19]. Namely, the initial report incorrectly listed several charges with "Disposition not provided by source," as opposed to consolidating the case under a single charge with a "Guilty" verdict, reflecting the outcome of Plaintiff's plea deal. [*Id.* ¶¶ 4–5].

The Complaint does not provide any specific facts to support her allegation of causation: that her housing applications were denied *because* of the mistake on her background report. Plaintiff's contentions on the matter are conclusory. [*Id.* ¶¶ 2, 9, 15, 19]. Nonetheless, Defendant rebuts causation in its motion to dismiss. Defendant shows that only a single landlord denied Plaintiff's housing application, and the reasoning for this lone denial was information on Plaintiff's credit report—not criminal background report. [DE 29, pages 9–10]; [DE 29-11, Exhibit 7]. Plaintiff fails to address this point in any of its subsequent briefing on the motion. Defendant's arguments are well taken, and the Court finds that Plaintiff's claims for negligent violations of the FCRA—and actual damages—fails.[1]

---

[1] Because Plaintiff failed to demonstrate causation, the Court does not need to address Plaintiff's arguments concerning lost time and emotional distress. *See* [DE 23, page 6–15].

Even if a landlord had denied Plaintiff's housing applications because of her criminal background report, the Court is skeptical that such a denial would be due to Defendant's mistake. The Seventh Circuit addressed a similar situation in a previous case. In *Aldaco v. RentGrow, Inc.*, a consumer brought an action under the FCRA and alleged that a credit reporting agency inaccurately reported her criminal history to a landlord during a background check. 921 F.3d at 687. The appellate court held that the consumer failed to establish causation. *Id.* 689–90. The agency's only mistake was reporting an inaccurate sentence length for a conviction—but the conviction itself was proper. *Id.* The consumer's application was denied because the consumer had a specific conviction in her criminal background report, not because of the length of her sentence or other disposition (even if reported incorrectly). *Id.*

In this case, the "inaccuracies" in Plaintiff's initial criminal background report related to the ultimate disposition of a criminal case. The initial report showed two pending criminal cases. [DE 29-11, Exhibit 2]. The first case involved a misdemeanor drug charge. It was labeled as "Disposition Not Provided by Source." The second case included multiple felony drug charges, each labeled as "Disposition Not Provided by Source." After Defendant corrected the report, the two criminal cases remained. [*Id.* at Exhibit 6]. The first case was unchanged. The second case, however, was updated to reflect Plaintiff's plea deal. Namely, to include only a single charge, but now with a guilty disposition for a level five felony. The Court does not need to dive into this hypothetical now, but the Court struggles to see how a felony drug conviction improves the standing of a housing applicant on Zillow.

"[I]f a plaintiff cannot prove actual damages, she may still recover statutory or punitive damages by proving that the defendant willfully violated the FCRA." *Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1194–95 (7th Cir. 2021) (citing 15 U.S.C. § 1681n(a)). To satisfy this

standard, Plaintiff must show that Defendant's alleged violation of the FCRA was "committed with actual knowledge or reckless disregard for the FCRA's requirements." *Id.* at 1195. The Complaint lacks any facts to support an allegation of a willful violation. [DE 1]. Plaintiff's allegations are wholly conclusory. [*Id.* ¶¶ 17, 18, 37, 38]. And Plaintiff's subsequent briefing on the instant motion fail to provide any additional argument. *See* [DE 23]; [DE 27]. Therefore, Plaintiff's claims for willful violations of the FCRA fail.

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss [DE 19] is GRANTED, pursuant to Rule 12(c). The Court DIRECTS the Clerk of Court to enter judgment against Plaintiff Alexis Dwyer and in favor of Defendant Contemporary Information Corp. Plaintiff takes nothing by her Complaint.

SO ORDERED.

ENTERED: June 5, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court